UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEKSEY LABKOV,                              No. 2:10-cv-01315-MCE-EFB

       Plaintiff,

  v.                                          ORDER

JPMORGAN CHASE BANK dba
CHASE AUTO FINANCE; and
DOES 1 through 100,
inclusive,

       Defendants.

----oo0oo----

This action arises out of an auto finance transaction in which Plaintiff Aleksey Labkov ("Plaintiff") purchased a vehicle in 2007. Presently before the Court is a Motion by Plaintiff to Remand this case to the Superior Court, County of Sacramento. Plaintiff additionally seeks sanctions against Defendant JP Morgan Chase Bank dba Chase Auto Finance ("Defendant") for improper removal.

///
///

1

1  On June 1, 2009, Plaintiff initially filed suit in the Superior Court, County of Sacramento alleging solely state law claims for  fraud, negligent misrepresentation, rescission, breach of warranty, and violations of the California Consumer Legal Remedies Act and California Auto Sales Finance Act.  On May 27, 2010, nearly one year later, Defendant removed the action to federal court on the basis of diversity jurisdiction.

To justify the delay in time, Defendant argues that the remedy sought in the complaint itself was too vague as to establish that the jurisdictional limit was met for diversity purposes.  Rather, Defendant states that it was not until May 14, 2010 that Plaintiff's counsel sent Defendant's counsel an email advising it that Plaintiff intended to seek an order enjoining Defendant from "demanding payment for financed vehicles that do not have valid title."  According to Defendant, such an injunction would result in revenue losses of roughly $861,000 per month.  Defendant states that this email was the first notice it received that amount in controversy was higher than the $75,000 jurisdictional limit.

In general, a Defendant must file a notice of removal within thirty days after receipt of the first pleading in a state action that sets forth a removable claim.  28 U.S.C. § 1446(b).  Where removability is uncertain, the thirty-day period is measured from the point at which Defendant had noticed that the action is removable.  <u>Id.</u>  Notice of removability is determined by the "four corners of the applicable pleadings".  <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005).

///

2

If no ground for removal is evident in the initial pleading, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. 28 U.S.C. § 1446(b).

Problematically, Defendant's removal is not only woefully untimely but attempts to sidestep the time constraints of 28 U.S.C. § 1446(b) by relying on a personal email between attorneys as the "other paper" which might justify delayed removal. An email exchanged in the course of litigation may not serve to defeat or modify the four corners of the current pleadings, and nowhere in Plaintiff's Complaint is there a specific request for the injunction to which Defendant refers. If Plaintiff intends to seek such an injunction, then he needs to file an amended complaint in state court thereby cementing his professed intention into cognizable legal action. Defendant may then, if it so chooses, renew its attempt at removal. Until such time, this Court refuses to determine jurisdiction based upon personal communications between parties' counsel.

Accordingly, Plaintiff's Motion for Remand (Docket No. 5) is hereby GRANTED.[1]  Plaintiff's request for sanctions is DENIED as Defendant has proffered reasonable, albeit insufficient, basis for removal. See Martin v. First Franklin, 546 U.S. 132, 136 (2005).

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

The matter is hereby REMANDED to Superior Court, County of Sacramento. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: September 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4